# In the United States Court of Federal Claims

No. 24-1253C
(Filed: April 23, 2025)
**NOT FOR PUBLICATION**

```
**************************************
KAYLIN E. JOHNSON,                    *
                                      *
               Plaintiff,             *
                                      *
v.                                    *
                                      *
THE UNITED STATES,                    *
                                      *
               Defendant.             *
                                      *
**************************************
```

## OPINION AND ORDER

Plaintiff Kaylin E. Johnson, proceeding *pro se*, has filed a complaint in this Court related to his criminal conviction in the United States District Court for the Eastern District of Michigan. *See* Compl. at 1 (ECF 1). The government has moved to dismiss under RCFC 12(b)(1) and in the alternative under RCFC 12(b)(6). Mot. to Dismiss at 1 (ECF 21). Plaintiff has not responded. The motion to dismiss is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v.*

*Kerner*, 404 U.S. 519, 520–21 (1972)) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings"). In addition, to survive a motion to dismiss for failure to state a claim, plaintiffs must sufficiently "plead[] facts upon which a valid claim can rest." *El Bey v. United States*, 152 Fed. Cl. 777, 780 (2021) (quoting *Stroughter v. United States*, 89 Fed. Cl. 755, 760 (2009)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although Plaintiff characterizes his claim as involving a breach of contract, Plaintiff appears to seek reversal of his criminal conviction. This Court may not review the decisions of other courts related to Plaintiff's criminal case. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *see also Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts."). Nor does this Court otherwise have jurisdiction over criminal matters, *see Treviño v. United States*, 113 Fed. Cl. 204, 209 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014), or treaties, *see* 28 U.S.C. § 1502. To the extent Plaintiff claims a violation of the Tenth Amendment, that constitutional provision does not require payment of money, and therefore cannot be the basis of claims in this Court. *See Ogden v. United States*, 61 Fed. Cl. 44, 47 (2004).

## CONCLUSION

I have reviewed the complaint in its entirety, and I am unable to identify any claims within this Court's jurisdiction. Defendant's motion to dismiss (ECF 21) is **GRANTED** and the case is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice.").

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge